**LAW OFFICES OF DALE K. GALIPO**[1]
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for PLAINTIFFS,*
*ROSIE CAMACHO and ALBERT ARZOLA*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSIE CAMACHO and ALBERT ARZOLA, individually and as successors-in-interest to DECEDENT ARZOLA, deceased,<br><br>    Plaintiffs,<br>    v.<br>CITY OF ANAHEIM; CHIEF OF POLICE RICK ARMENDARIZ, in his official capacity: DOE SHOOTER OFFICER in his individual and official capacity; and DOES 1–10, inclusive,<br><br>    Defendants. | Case No. 8:25-cv-02872-MRA-ADS<br><br>**FIRST AMENDED**<br>**COMPLAINT FOR DAMAGES**<br><br>**Federal Claims (42 U.S.C. § 1983)**<br>**1.  Unlawful Detention or Arrest**<br>**2.  Excessive Force in Violation of the Fourth Amendment –**<br>**3.  Deliberate Indifference to Serious Medical Needs–**<br>**4. Interference with Familial Relationship**<br>**5.  Municipal Liability Under Monell -Unconstitutional Custom or Policy**<br>**6.  Municipal Liability, Failure to Train**<br>**7. Municipal Liability, Ratification**<br>**8. Failure to Intervene**<br><br>**State Claims**<br>**9. False Arrest/False** |

---

[1] Attorneys of record continued on page 2

1

**FIRST AMENDED COMPLAINT FOR DAMAGES**
*Camacho, et al. v. City of Anaheim, et al.*                    V. James DeSimone Law
Case No.:  8:25-cv-02872-MRA-ADS                    Law Offices of Dale K. Galipo

Imprisonment

**10.  California Civil Code § 52.1 – Bane Act**

**11.  Battery (wrongful death and survival)**

**12.  Negligence (wrongful death and survival)**

**13.  Negligent Hiring, Training, Supervision, and Retention –**

**JURY TRIAL DEMANDED**

Nikhil Ramnaney
nikhil@harborjusticelaw.com
HARBOR JUSTICE LAW, APC
444 W. Ocean Blvd., Ste. 800
Long Beach, CA 90802
Tel:    562-241-1010

V. James DeSimone (SBN: 119668)
**vjdesimone@gmail.com**
Carmen D. Sabater (SBN: 303546)
**cds820@gmail.com**
Ryann E. Hall (SBN: 306080)
**rhall@vjdlaw.com**
Melika Amini (SBN: 354764)
**mamini@vjdlaw.com**
**V. JAMES DESIMONE LAW**
13160 Mindanao Way, Suite 280
Marina del Rey, California 90292
Telephone:  310.693.5561
Facsimile:   323.544.6880

2

**FIRST AMENDED COMPLAINT FOR DAMAGES**

*Camacho, et al. v. City of Anaheim, et al.*               V. James DeSimone Law
Case No.:  8:25-cv-02872-MRA-ADS               Law Offices of Dale K. Galipo

COME NOW, Plaintiffs ROSIE CAMACHO and ALBERT ARZOLA, individually and as successors-in-interest to DECEDENT Arzola, and hereby bring this Complaint against Defendants CITY OF ANAHEIM (hereinafter "CITY"); CHIEF OF POLICE RICK ARMENDARIZ (hereinafter "ARMENDARIZ"): DOE SHOOTER OFFICER in his individual and official capacity; and DOES 1–10, (hereinafter collectively "DEFENDANTS") and allege as follows:

## INTRODUCTION

1.      Plaintiffs ROSIE CAMACHO and ALBERT ARZOLA bring this civil rights action for damages arising from the fatal shooting of their nineteen-year-old son, Alberto Arzola ("DECEDENT"), by DOE SHOOTER OFFICER who was working for the Anaheim Police Department ("APD") on December 6, 2025, in Anaheim, California. DECEDENT posed no immediate threat, was shot multiple times by DOE SHOOTER OFFICER, from the back, resulting in his death.

2.      At the time of the shooting, DECEDENT was not committing any crime that justified the use of deadly force. He was not presenting a threat of death or serious bodily injury to the officers or anyone else. The use of deadly force was excessive and objectively unreasonable under the circumstances.

3.      In response to a graffiti misdemeanor that DECEDENT did not commit, two officers in an unmarked vehicle with tinted windows approached DECEDENT's home with weapons drawn.  DOE SHOOTER OFFICER then aggressively grabbed DECEDENT as he attempted to enter his own residence, dragged him down the stairs, and shot him multiple times from the back as he pleaded "Don't shoot." DECEDENT suffered excruciating pain and terror in his final moments before dying from his wounds. The DOE SHOOTER OFFICER and other officers then failed to render timely medical aid, contributing to DECEDENT's death.

3

**FIRST AMENDED COMPLAINT FOR DAMAGES**
*Camacho, et al. v. City of Anaheim, et al.*                                    V. James DeSimone Law
Case No.:  8:25-cv-02872-MRA-ADS                              Law Offices of Dale K. Galipo

4.     Plaintiffs ROSIE CAMACHO and ALBERT ARZOLA, DECEDENT's parents, bring this action individually and as successors-in-interest to the decedent. Plaintiffs seek damages for the loss of their son, including wrongful death damages, survival damages, punitive damages, and attorney's fees.

5.     This action is brought pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and California state law.

## JURISDICTION AND VENUE

6.     This Court has original jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 (a)(3)-(4) because Plaintiffs assert claims under 42 U.S.C. § 1983 for violations of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

7.     This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to the claims occurred in Anaheim, California, which is located within the Central District of California, and all defendants reside in this district.

9.     Plaintiffs filed their comprehensive and timely claim for damages on their own behalf and on behalf of DECEDENT with the CITY OF ANAHEIM pursuant to applicable sections of the California Government Code. Plaintiffs have not received a response.

## PARTIES

10.     Alberto Arzola ("DECEDENT"), a 19-year-old man, was killed on December 6, 2025, by DOE SHOOTER OFFICER who was working for the

4

**FIRST AMENDED COMPLAINT FOR DAMAGES**
*Camacho, et al. v. City of Anaheim, et al.*                    V. James DeSimone Law
Case No.:  8:25-cv-02872-MRA-ADS                    Law Offices of Dale K. Galipo

Anaheim Police Department. DECEDENT was an individual residing in the City of Anaheim, California

11.    Plaintiff ROSIE CAMACHO is an individual residing in Anaheim, California and is the biological mother of DECEDENT Arzola. She brings this action individually and as successor-in-interest to her son.

12.    Plaintiff ALBERT ARZOLA is an individual residing in Anaheim, California and is the biological father of DECEDENT Arzola. He brings this action individually and as successor-in-interest to his son.

13.    Plaintiffs bring this action under federal and state law in their individual capacities and as successors-in-interest to DECEDENT pursuant to California Code of Civil Procedure §§ 377.30 and 377.60.

14.    At all relevant times, CHIEF OF POLICE RICK ARMENDARIZ, DOE SHOOTER OFFICER and DEFENDANT DOES 1–10 were duly appointed officers and/or employees or agents of CITY subject to oversight and supervision by CITY's elected and non-elected officials

15.    Defendant CITY OF ANAHEIM ("CITY") was and is a municipal corporation organized and existing under the Constitution and the laws of the State of California. The City is responsible for the actions, omissions, conduct, policies, procedures, practices, and customs of the Anaheim Police Department and its officers, agents, and employees and for ensuring that the actions of its employees comply with the laws and Constitutions of the United States and the State of California.  CITY OF ANAHEIM is sued in its own right on the basis of its policies, customs, and practices that gave rise to PLAINTIFF'S federal rights and state law claims.

16.    Defendant CHIEF OF POLICE RICK ARMENDARIZ was, at all times relevant to this action, the APD chief of police and a policymaker for his department.  He is sued in both his individual and official capacities.

17.    Defendant DOE SHOOTER OFFICER is an officer employed by

**FIRST AMENDED COMPLAINT FOR DAMAGES**

*Camacho, et al. v. City of Anaheim, et al.*                    V. James DeSimone Law
Case No.:  8:25-cv-02872-MRA-ADS                    Law Offices of Dale K. Galipo

APD. DOE SHOOTER OFFICER was acting under color of state law, within the course and scope of his employment with the CITY, and with the actual or ostensible authority and ratification of CITY.

18.     Pursuant to California Government Code § 815.2, Defendant CITY is vicariously liable for the acts and omissions of DOE SHOOTER OFFICER to the extent those acts and omissions occurred within the scope of his employment. Defendant CITY is also liable under California Government Code § 815.6 for its failure to discharge a mandatory duty. Defendant DOE SHOOTER OFFICER is liable under California Government Code § 820(a).

19.     DOE SHOOTER OFFICER is sued in his individual capacity. Defendant CITY is sued for its direct liability under *Monell* and for vicarious liability under California state law. Plaintiffs seek punitive damages against all non-municipal entity defendants.

20.     Defendants DOES 1 through 10 were public employees and agents of DEFENDANT CITY OF ANAHEIM whose true names are presently unknown to Plaintiffs and were acting with the course and scope of their respective duties as employees of the APD with complete authority and ratification of their principal DEFENDANT CITY OF ANAHEIM.

21.     PLAINTIFF is informed and believes, and thereon alleges, that DOES 1–10 were agents, servants, and employees of DEFENDANT CITY OF ANAHEIM through its CITY OF ANAHEIM POLICE DEPARTMENT. PLAINTIFF is ignorant of the true names and capacities of DEFENDANTS sued herein as DOES 1–10, inclusive, and therefore sue these DEFENDANTS by such fictitious names.  PLAINTIFF will amend this Complaint to allege their true names and capacities when ascertained. As such, the individual DOE DEFENDANTS are sued in both their individual and official capacities

22.     In doing the acts and failing and omitting to act as hereinafter described, DEFENDANT DOES 1–10 were acting on the implied and actual

**FIRST AMENDED COMPLAINT FOR DAMAGES**
*Camacho, et al. v. City of Anaheim, et al.*                    V. James DeSimone Law
Case No.:  8:25-cv-02872-MRA-ADS                     Law Offices of Dale K. Galipo

permission and consent of CITY OF ANAHEIM.

23.    Defendants DOES 8–10 were, at all times relevant to this action, supervisory officers, command staff, and/or officials within the Anaheim Police Department who possessed authority over and responsibility for the hiring, training, supervision, discipline, and retention of APD officers, including DOE SHOOTER OFFICER. DOES 8–10 were acting within the course and scope of their employment with Defendant CITY and under color of state law. Plaintiffs are presently unaware of the true names and capacities of DOES 8–10 and will amend this Complaint to allege their true names and capacities when ascertained.

24.    All DEFENDANTS who are natural persons, including DOES 1–10, are sued individually and/or in his/her official capacity as officers, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, policy makers, and representatives for the CITY OF ANAHEIM.

25.    At all times mentioned herein, each and every DEFENDANT was the agent of each and every other DEFENDANT and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every DEFENDANT herein.

26.    Finally, at all relevant times mentioned herein, all DEFENDANTS acted as agents of all other DEFENDANTS in committing the acts alleged herein.

## FACTUAL ALLEGATIONS

**Background**

27.    On December 6, 2025, at approximately 9:30 p.m., DECEDENT was at his family's residence located at 821 South Philadelphia Street in Anaheim, California.

28.    DECEDENT lived at this residence with Plaintiff ROSIE CAMACHO, and other family members, including his fourteen-year-old cousin, M.T.C.

29.    DECEDENT and his cousin M.T.C. had lived together their entire

7

FIRST AMENDED COMPLAINT FOR DAMAGES

*Camacho, et al. v. City of Anaheim, et al.*                                  V. James DeSimone Law
Case No.:  8:25-cv-02872-MRA-ADS                                  Law Offices of Dale K. Galipo

lives and considered themselves brothers.

30. On information and belief, DOE SHOOTER OFFICER and another officer of the APD were patrolling and pulled up to DECEDENT's residence in an unmarked vehicle with tinted windows to investigate a graffiti misdemeanor crime in the area.

31. DECEDENT Arzola did not commit the alleged graffiti offense that prompted the police response and was walking into his residence.

**The Unconstitutional Seizure and Use of Deadly Force**

32. DOE SHOOTER OFFICER and another officer pulled up to DECEDENT's residence in an unmarked vehicle with tinted windows and immediately exited their vehicle with their firearms drawn and ran toward DECEDENT's home.

33. Without any visible threats, DOE SHOOTER OFFICER and another officer ran towards the front door of the residence pointing their weapons at DECEDENT.

34. DECEDENT was not threatening DOE SHOOTER OFFICER, the other officer or anyone else. As DECEDENT was attempting to enter his residence through the front door DOE SHOOTER OFFICER with his gun drawn and pointed at DECEDENT'S back grabbed DECEDENT by the hood of his sweatshirt and aggressively dragged him backwards down the front steps.

35. As the officer pulled DECEDENT down the stairs, DECEDENT pleaded "Don't shoot" approximately two to three times.

36. DECEDENT was attempting to comply with commands as he was being dragged backwards. Decedent showed his hands to the Officers revealing that he had no weapon in either of his hands. Decedent was attempting to comply with commands by getting down on his knees and keeping his hands open and in plain view.

37. Despite the absence of any immediate threat of death or serious

8

FIRST AMENDED COMPLAINT FOR DAMAGES
*Camacho, et al. v. City of Anaheim, et al.*                          V. James DeSimone Law
Case No.:  8:25-cv-02872-MRA-ADS                          Law Offices of Dale K. Galipo

bodily harm, and despite the availability of less-lethal options and time to assess the situation, DOE SHOOTER OFFICER fired multiple rounds at DECEDENT into his back and neck.

38.    The use of deadly force under these circumstances was excessive and objectively unreasonable and contrary to police standards and training. At the time he was shot, DECEDENT posed no immediate threat to DOE SHOOTER OFFICER, the other officer or anyone else.

39.    Upon information and belief, DOE SHOOTER OFFICER failed to provide a clear warning that deadly force would be used, and DECEDENT was not given an adequate opportunity to comply with any commands before he was shot.

40.    DECEDENT suffered immediate and excruciating physical pain from the gunshot wounds that tore through his body.

41.    DECEDENT experienced extreme mental anguish, terror, and awareness of his impending death in the moments before he died.

42.    DECEDENT fell to the ground at the bottom of the stairs, conscious and suffering from the gunshot wounds inflicted by  DOE SHOOTER OFFICER.

43.    DECEDENT died at the scene as a result of the gunshot wounds, but not before enduring severe pre-death pain and suffering.

44.    No exigent circumstances existed justifying DOE SHOOTER OFFICER's forceful seizure of DECEDENT outside his home or the use of deadly force.

45.    DOE SHOOTER OFFICER's use of deadly force was excessive, unnecessary, objectively unreasonable under the circumstances, and violated clearly established constitutional law.

**Failure to Render Medical Aid**

46.    After shooting DECEDENT, DOE SHOOTER OFFICER and the other officer immediately knew or should have known that DECEDENT had

9

**FIRST AMENDED COMPLAINT FOR DAMAGES**
*Camacho, et al. v. City of Anaheim, et al.*                    V. James DeSimone Law
Case No.:  8:25-cv-02872-MRA-ADS                    Law Offices of Dale K. Galipo

suffered life-threatening gunshot wounds caused by DOE SHOOTER OFFICER's excessive use of force.

47.    Upon information and belief, despite this direct knowledge, and despite their training and legal obligations, DOE SHOOTER OFFICER and the other officer failed to promptly provide basic medical care to DECEDENT.

48.    As a direct and proximate result of the shooting and the failure of DOE SHOOTER OFFICER and the other officer to provide timely medical aid, DECEDENT endured prolonged and unnecessary pain and suffering prior to his death and ultimately died from his gunshot wounds.

49.    This failure delayed critical care during a period when immediate intervention was necessary and could have mitigated DECEDENT's suffering or prevented his death.

50.    The officers' failure to render medical aid was objectively unreasonable, deliberately indifferent to DECEDENT's serious medical needs, and directly contributed to his prolonged pain, suffering, and death.

51.    DECEDENT's body remained at the scene for approximately six hours until 3:00 a.m. waiting for the coroner.

52.    The shooting of DECEDENT reflects a broader pattern of inadequate training, supervision, and accountability within the APD regarding the use of deadly force, particularly in situations that do not justify such force.

**Witness Testimony**

53.    DECEDENT's fourteen-year-old cousin, M.T.C., witnessed the entire incident from the porch of the residence.

54.    M.T.C. observed the officers approach with guns drawn, grab DECEDENT, drag him down the stairs and while DECEDENT was pleading "don't shoot" several times, DOE SHOOTER OFFICER ruthlessly shot DECEDENT multiple times.

55.    M.T.C. never saw DECEDENT reach for a gun or point a gun at the

**FIRST AMENDED COMPLAINT FOR DAMAGES**

*Camacho, et al. v. City of Anaheim, et al.*
Case No.:  8:25-cv-02872-MRA-ADS

V. James DeSimone Law
Law Offices of Dale K. Galipo

officers.

56. M.T.C. never saw DECEDENT threaten the officers or anyone else with any weapon.

57. After shooting DECEDENT, the officers threatened M.T.C., who was terrified and had his hands up the entire time, pointing their firearms at him and yelling "go inside or you're going to get shot."

**Damages to Plaintiffs and Decedent**

58. As a result of Defendants' actions, Plaintiffs have suffered profound and ongoing damages, including but are not limited to the loss of the love, companionship, comfort, care, assistance, protection, affection, and moral support of DECEDENT. Plaintiffs have also suffered the loss of household services that DECEDENT would have contributed, as well as the cost of funeral and burial expenses. DECEDENT suffered severe and excruciating physical pain from multiple gunshot wounds penetrating his body.

59. DECEDENT suffered extreme mental anguish, fear, terror, panic, and emotional distress as he was being dragged down the stairs and shot by the officers.

60. DECEDENT experienced conscious pain and suffering and awareness of his impending death in the moments before he died.

61. DECEDENT endured prolonged pre-death pain and suffering as a result of the gunshot wounds and the officers' failure to render immediate medical aid.

62. Plaintiffs have been deprived of their constitutional right to familial association and companionship with their son.

**Municipal Liability**

63. The unconstitutional conduct alleged herein was the result of longstanding policies, practices, and customs of the City of Anaheim through its Anaheim Police Department.

11

**FIRST AMENDED COMPLAINT FOR DAMAGES**
*Camacho, et al. v. City of Anaheim, et al.*                    V. James DeSimone Law
Case No.: 8:25-cv-02872-MRA-ADS                    Law Offices of Dale K. Galipo

64. The City of Anaheim through its Anaheim Police Department maintain policies, practices, and customs of encouraging and tolerating excessive force and unnecessary deadly force by officers.

65. On information and belief, the City through its APD deliberately refuse to appropriately investigate and impose appropriate discipline and corrective action on officers who engage in excessive and unnecessary deadly force.

66. The City through its APD failed to adequately train officers on the constitutional limits of the use of force, including when deadly force may lawfully be employed.

67. The City through its APD failed to adequately train officers on their duty to render immediate medical aid to individuals injured by police use of force.

68. The City through its APD failed to adequately supervise officers to ensure compliance with constitutional standards.

69. The City through its APD negligently hired, trained, supervised, and retained officers with known propensities for excessive force.

70. These policies, practices, customs, and failures to train and supervise were the moving force behind the constitutional violations that resulted in DECEDENT's death.

## FIRST CAUSE OF ACTION

### Fourth Amendment—Unlawful Seizure

### Without Reasonable Suspicion (§ 1983)

### (Plaintiffs against DOE SHOOTER OFFICER)

71. Plaintiffs reallege and incorporate by reference the allegations set forth above.

72. Plaintiffs bring this claim for relief in their capacity as successors-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.30.

73. On December 6, 2025, Defendant DOE SHOOTER OFFICER, an

12

FIRST AMENDED COMPLAINT FOR DAMAGES

*Camacho, et al. v. City of Anaheim, et al.*                    V. James DeSimone Law
Case No.:  8:25-cv-02872-MRA-ADS                    Law Offices of Dale K. Galipo

officer with the Anaheim Police Department, seized DECEDENT by physically grabbing him by the hood of his sweatshirt and forcibly dragging him backwards down the front steps of his own residence, without reasonable suspicion or probable cause to believe DECEDENT was engaged in criminal activity.

74.    At the time of the seizure, DECEDENT was not engaged in any criminal activity. He did not commit the graffiti misdemeanor that prompted the officers' response and was simply walking into his own residence.

75.    DOE SHOOTER OFFICER failed to use de-escalation tactics, failed to identify himself or his purpose, and immediately resorted to physical force without giving DECEDENT an adequate opportunity to comply with commands.

76.    DOE SHOOTER OFFICER's forcible seizure of DECEDENT — grabbing him from his own doorway and dragging him down the stairs while approaching from an unmarked vehicle with firearms drawn — was unreasonable under the circumstances and constituted an unlawful seizure within the meaning of the Fourth Amendment to the United States Constitution, as incorporated against state actors by the Fourteenth Amendment.

77.    The conduct of DOE SHOOTER OFFICER was willful, wanton, malicious, and done with conscious disregard for the rights and safety of DECEDENT and therefore warrants the imposition of punitive damages against DOE SHOOTER OFFICER in his individual capacity.

78.    DOE SHOOTER OFFICER was acting under color of state law and within the course and scope of his employment with the Anaheim Police Department.

79.    As a result of the unlawful seizure by DOE SHOOTER OFFICER, DECEDENT suffered serious physical injuries, conscious pain and suffering, and ultimately died.

80.    Plaintiffs seek survival damages for the pre-death pain and suffering and loss of life suffered by DECEDENT, as well as attorneys' fees and costs

13

FIRST AMENDED COMPLAINT FOR DAMAGES
*Camacho, et al. v. City of Anaheim, et al.*                    V. James DeSimone Law
Case No.:  8:25-cv-02872-MRA-ADS                    Law Offices of Dale K. Galipo

under § 1988.

## SECOND CAUSE OF ACTION

### 42 U.S.C. § 1983—Excessive Force in Violation

### of the Fourth Amendment

### (Plaintiffs Against DOE SHOOTER OFFICER))

81.     Plaintiffs reallege and incorporate by reference each the allegations set forth above.

82.     Plaintiffs bring this claim for relief in their capacity as the successors-in-interest to DECEDENT, pursuant to California Code of Civil Procedure § 377.30.

83.     The Fourth Amendment to the United States Constitution, as incorporated against state actors by the Fourteenth Amendment, guarantees all persons the right to be free from excessive force by law enforcement officers.

84.     On December 6, 2025, DOE SHOOTER OFFICER, an officer with the Anaheim Police Department, used excessive and unreasonable force against DECEDENT, despite the fact that he was not suspected of any serious or violent crime, and posed no immediate threat to DOE SHOOTER OFFICER, the other officer or anyone else.

85.     DOE SHOOTER OFFICER fired multiple rounds at DECEDENT, including after DECEDENT was on the ground with his back towards him.

86.     Upon information and belief, DOE SHOOTER OFFICER failed to provide a clear or adequate warning that deadly force would be used, and failed to give DECEDENT a reasonable opportunity to comply with any commands before opening fire.

87.     The use of deadly force under these circumstances was objectively excessive and unreasonable and contrary to police standards and training, particularly in light of the availability of less-lethal options, the absence of any immediate threat, and the officer's ability to maintain distance, cover, and time.

14

**FIRST AMENDED COMPLAINT FOR DAMAGES**
*Camacho, et al. v. City of Anaheim, et al.*                    V. James DeSimone Law
Case No.: 8:25-cv-02872-MRA-ADS                    Law Offices of Dale K. Galipo

88. As a direct and proximate result of the actions of DOE SHOOTER OFFICER, DECEDENT experienced conscious pain and suffering before his death, and Plaintiffs seek survival damages, including but not limited to pre-death pain and suffering, loss of life, and loss of enjoyment of life.

89. Plaintiffs further seek attorneys' fees and costs pursuant to § 1988.

90. The conduct of DOE SHOOTER OFFICER was malicious, wanton, oppressive, and carried out with a conscious disregard for the constitutional rights and physical safety of DECEDENT. As a result, Plaintiffs are entitled to an award of punitive damages against DOE SHOOTER OFFICER in his individual capacity.

## THIRD CAUSE OF ACTION

**42 U.S.C. § 1983 – Deliberate Indifference to Serious Medical Needs in Violation of the Fourth Amendment**

**(Plaintiffs Against DOE SHOOTER OFFICER and Doe Officer Defendants 1–7)**

91. Plaintiffs reallege and incorporate by reference the allegations set forth above.

92. Plaintiffs bring this claim for relief in their capacity as the successors-in-interest to DECEDENT, pursuant to California Code of Civil Procedure § 377.30.

93. DOE SHOOTER OFFICER and Doe Officer Defendants 1–7 were acting within the course and scope of their employment as officers with the APD and were acting under color of state law.

94. Upon information and belief, following the shooting of DECEDENT, DOE SHOOTER OFFICER and Doe Officer Defendants 1–7 failed to render medical aid and failed to timely summon emergency medical care, despite knowing that DECEDENT had sustained multiple gunshot wounds and was in critical need of life-saving treatment. Their failure to act was objectively

15

**FIRST AMENDED COMPLAINT FOR DAMAGES**
*Camacho, et al. v. City of Anaheim, et al.*                    V. James DeSimone Law
Case No.: 8:25-cv-02872-MRA-ADS                    Law Offices of Dale K. Galipo

unreasonable under the circumstances.

95.    The denial and delay of medical care by DOE SHOOTER OFFICER and Doe Officer Defendants 1–7 deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures under the Fourth Amendment to the United States Constitution, as incorporated to the states through the Fourteenth Amendment, in violation of § 1983.

96.    As a direct and proximate result of the acts and omissions of DOE SHOOTER OFFICER and Doe Officer Defendants 1–7, DECEDENT experienced conscious pain and suffering, physical and emotional distress, and ultimately died from the injuries he sustained.

97.    Plaintiffs seek survival damages under this claim, including but not limited to pre-death pain and suffering, loss of life, and loss of enjoyment of life. Plaintiffs further seek attorneys' fees and costs pursuant to § 1988.

## FOURTH CAUSE OF ACTION

**Fourteenth Amendment—Denial of Familial Relationship (§ 1983)**

**(Plaintiffs against DOE SHOOTER OFFICER)**

98.    Plaintiffs incorporate by reference the allegations set forth above.

99.    Plaintiffs ROSIE CAMACHO and ALBERT ARZOLA, the parents of DECEDENT, have a cognizable interest under the Due Process Clause of the Fourteenth Amendment in maintaining their familial relationship with their son.

100.    DOE SHOOTER OFFICER was acting under color of state law and within the course and scope of his employment as an officer for the APD.

101.    The acts of DOE SHOOTER OFFICER, including the use of deadly force against DECEDENT when he was not posing a threat, was on the ground with his back towards DOE SHOOTER OFFICER shocks the conscience and constitutes a violation of Plaintiffs' substantive due process rights.

102.    The conduct of DOE SHOOTER OFFICER was undertaken with a purpose to harm unrelated to any legitimate law enforcement objective and

16

FIRST AMENDED COMPLAINT FOR DAMAGES
*Camacho, et al. v. City of Anaheim, et al.*                    V. James DeSimone Law
Case No.:  8:25-cv-02872-MRA-ADS                    Law Offices of Dale K. Galipo

reflected a deliberate and reckless disregard for DECEDENT's rights and the familial rights of DECEDENT's parents.

103.   As a direct and proximate result of DOE SHOOTER OFFICER's actions, DECEDENT died.

104.   Plaintiffs bring this claim in their individual capacities for the violation of their own constitutional rights.

105.   Plaintiffs seek wrongful death damages, as well as attorneys' fees and costs pursuant to § 1988.

106.   The conduct of DOE SHOOTER OFFICER was malicious, wanton, oppressive, and carried out with a conscious disregard for the constitutional rights of DECEDENT and Plaintiffs. As a result, Plaintiffs are entitled to an award of punitive damages against DOE SHOOTER OFFICER in his individual capacity. No claim for punitive damages is asserted against the CITY.

## FIFTH CAUSE OF ACTION

### 42 U.S.C. § 1983 – Municipal Liability Under Monell

### (Plaintiffs Against City)

107.   Plaintiffs reallege and incorporate by reference the allegations set forth above.

108.   Upon information and belief, the City maintains a policy, practice, or custom of tolerating, encouraging, and ratifying excessive and deadly force by their officers.

109.   When DOE SHOOTER OFFICER fatally shot DECEDENT and then he and DOE OFFICERS denied DECEDENT prompt and necessary medical care, they acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant CITY.

110.   On information and belief, DOE SHOOTER OFFICER and DOE OFFICERS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

17

FIRST AMENDED COMPLAINT FOR DAMAGES

*Camacho, et al. v. City of Anaheim, et al.*                    V. James DeSimone Law
Case No.:  8:25-cv-02872-MRA-ADS                         Law Offices of Dale K. Galipo

111.    One or more final policymakers within the CITY, including Chief Rick Armendariz, acting under color of law and possessing final policymaking authority with respect to the policies, customs, and practices of the Anaheim Police Department, maintained and permitted the following unconstitutional customs, practices, and policies:

a.    Using excessive force, including excessive use of deadly force;

b.    Providing inadequate training regarding the use of deadly force;

c.    Employing and retaining as officers individuals such as DOE SHOOTER OFFICER whom Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing his authority and for using excessive force;

d.    Inadequately supervising, training, controlling, assigning, and disciplining CITY officers and other personnel, including DOE SHOOTER OFFICER, whom Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including a failure to train with respect to the use of lethal firearms;

e.    Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY officers;

f.    Failing to adequately discipline CITY officers for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

g.    Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be

18

**FIRST AMENDED COMPLAINT FOR DAMAGES**
*Camacho, et al. v. City of Anaheim, et al.*                    V. James DeSimone Law
Case No.:  8:25-cv-02872-MRA-ADS                    Law Offices of Dale K. Galipo

unconstitutional;

h.  Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

i.  Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing; and

j.  Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings and other uses of force, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of people that are not posing a threat of serious bodily harm or death.

112.  By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

113.  Defendant CITY, acting through final policymakers, including Chief Rick Armendariz, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, CITY condoned, tolerated and through actions and inactions

19

**FIRST AMENDED COMPLAINT FOR DAMAGES**
*Camacho, et al. v. City of Anaheim, et al.*                    V. James DeSimone Law
Case No.:  8:25-cv-02872-MRA-ADS                    Law Offices of Dale K. Galipo

thereby ratified such policies.  The CITY also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

114.   By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, the CITY acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendant CITY were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

115.   Accordingly, Defendant CITY is liable to Plaintiffs for compensatory damages under § 1983.

116.   Plaintiffs bring this claim individually and as successors in interest to DECEDENT and seek wrongful death damages under this claim. Plaintiffs also seek attorney's fees and costs under this claim.

### SIXTH CAUSE OF ACTION

### Municipal Liability: Failure to Train (§ 1983)

### (Plaintiffs against CITY)

117.   Plaintiffs incorporate by reference the allegations set forth above.

118.   The acts of DOE SHOOTER OFFICER, including fatally shooting DECEDENT though he did not pose an immediate threat of death or severe bodily injury, and shooting decedent as he was on the ground with his back towards DOE SHOOTER OFFICER, failing to give a warning that deadly force would be used prior to shooting, and then denying prompt and necessary medical care, deprived DECEDENT and Plaintiffs of their rights under the United States Constitution.

119.   The training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal.

20

**FIRST AMENDED COMPLAINT FOR DAMAGES**
*Camacho, et al. v. City of Anaheim, et al.*          V. James DeSimone Law
Case No.:  8:25-cv-02872-MRA-ADS                Law Offices of Dale K. Galipo

120.    Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its Officers adequately.

121.    The failure of Defendant CITY to provide adequate training caused the deprivation of the DECEDENT's and Plaintiffs' rights by DOE SHOOTER OFFICER; that is, the defendants' failure to train is so closely related to the deprivation of the DECEDENT's and Plaintiffs' rights as to be the moving force that caused the ultimate injury.

122.    One or more final policymakers, including Chief Rick Armendariz, acting under color of law and possessing final policymaking authority with respect to the training, supervision, and discipline of Defendant CITY's officers, were deliberately indifferent to the need for adequate training on the use of deadly force despite knowledge of a pattern of similar constitutional violations by officers under their command.

123.    By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

124.    Accordingly, Defendant CITY is liable to Plaintiffs for compensatory damages under § 1983.

125.    Plaintiffs bring this claim as successors in interest to DECEDENT and seek wrongful death damages under this claim.  Plaintiffs also seek attorney's fees and costs under this claim.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

*Camacho, et al. v. City of Anaheim, et al.*                    V. James DeSimone Law
Case No.:  8:25-cv-02872-MRA-ADS                    Law Offices of Dale K. Galipo

## SEVENTH CAUSE OF ACTION

### Municipal Liability: Ratification (§ 1983)

### (Plaintiffs against CITY)

126. Plaintiffs incorporate by reference the allegations set forth above.

127. Defendant DOE SHOOTER OFFICER was acting under color of state law and within the course and scope of his employment with APD.

128. The acts and omissions of Defendant DOE SHOOTER OFFICER deprived DECEDENT and Plaintiffs of their rights under the United States Constitution, including by intentionally and unjustifiably shooting DECEDENT, resulting in his death, and depriving Plaintiffs of their familial relationship with him.

129. One or more final policymakers within the CITY, including Chief Rick Armendariz, ratified or will ratify the acts and omissions of Defendant DOE SHOOTER OFFICER by reviewing the shooting of DECEDENT, with knowledge that DECEDENT did not pose an immediate threat of death or serious bodily injury at the time he was shot, and expressly approving Defendant DOE SHOOTER OFFICER's use of deadly force and failing to impose any discipline.

130. APD's official policy prohibits the use of deadly force unless an individual poses an immediate threat of death or serious bodily injury to officers or others. The conduct of Defendant DOE SHOOTER OFFICER was contrary to that policy, as DECEDENT posed no such threat at the time he was shot.

131. One or more final policymakers, including Armendariz, have determined, or will determine, that the actions of Defendant DOE SHOOTER OFFICER were "within policy," thereby ratifying those actions.

132. By reason of the aforementioned acts and omissions, Defendant CITY is liable to Plaintiffs for compensatory damages under § 1983.

22

FIRST AMENDED COMPLAINT FOR DAMAGES
*Camacho, et al. v. City of Anaheim, et al.*                    V. James DeSimone Law
Case No.: 8:25-cv-02872-MRA-ADS                    Law Offices of Dale K. Galipo

133. Plaintiffs bring this claim individually and seek wrongful death damages. Plaintiffs also seek reasonable attorneys' fees and costs pursuant to § 1988.

## EIGHTH CAUSE OF ACTION

### 42 U.S.C. § 1983 – Failure to Intervene

### (Plaintiffs Against Doe Officer Defendants 1-7)

134. Plaintiffs reallege and incorporate by reference the allegations set forth above.

135. One or more of Doe Officer Defendants 1–7 were present at the scene when DOE SHOOTER OFFICER grabbed DECEDENT by the hood of his sweatshirt, dragged him backwards down the front steps of his residence, and shot him multiple times as DECEDENT pleaded "Don't shoot." These officers witnessed the entire sequence of events as they unfolded.

136. These observing officers had a realistic opportunity to intervene and prevent the use of excessive force. The use of deadly force was not instantaneous. DOE SHOOTER OFFICER first physically grabbed and dragged DECEDENT down the stairs before shooting him. During this interval, one or more of Doe Officer Defendants 1–7 had sufficient time and proximity to verbally or physically intervene to prevent the shooting. DECEDENT's repeated pleas of "Don't shoot" put every officer present on notice that DECEDENT was not resisting and that the continued escalation of force was unwarranted.

137. Despite this opportunity, the observing officers failed to take reasonable steps to intervene and prevent the constitutional violation.

138. The failure to intervene was objectively unreasonable and violated clearly established law.

139. As a direct and proximate result of the officers' failure to intervene, DECEDENT suffered the injuries, pre-death pain and suffering, and death alleged herein, and Plaintiffs suffered damages.

23

FIRST AMENDED COMPLAINT FOR DAMAGES
*Camacho, et al. v. City of Anaheim, et al.*                    V. James DeSimone Law
Case No.:  8:25-cv-02872-MRA-ADS                        Law Offices of Dale K. Galipo

140. Plaintiffs bring this claim against Doe Officer Defendants 1–7 individually and seek survival and wrongful death damages. Plaintiffs also seek reasonable attorneys' fees and costs pursuant to § 1988.

### NINTH CAUSE OF ACTION

**False Arrest / False Imprisonment (Wrongful Death and Survival)**

**(Plaintiffs against DOE SHOOTER OFFICER and CITY)**

141. Plaintiffs incorporate by reference the allegations set forth above.

142. Plaintiffs bring this claim in their capacity as successors-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.30.

143. On December 6, 2025, Defendant DOE SHOOTER OFFICER, an officer employed by the APD, unlawfully detained and ultimately used deadly force against DECEDENT without reasonable suspicion or probable cause.

144. At the time of the detention and use of force, DECEDENT was not suspected of any serious or violent crime, and was not engaged in any criminal activity that justified his detention or arrest.

145. DOE SHOOTER OFFICER detained DECEDENT through the use of force and coercion, escalating immediately to deadly force without providing clear commands, warnings, or lawful justification. DECEDENT was not free to leave, and his freedom of movement was intentionally restricted by DOE SHOOTER OFFICER's conduct.

146. The detention and ultimate fatal use of force constituted a false arrest and false imprisonment under California law.

147. The conduct of DOE SHOOTER OFFICER was a substantial factor in causing harm to DECEDENT, including physical pain, emotional distress, and death.

148. DOE SHOOTER OFFICER was acting within the course and scope of his employment with the APD.

149. Defendant CITY is vicariously liable for the wrongful acts of DOE

24

**FIRST AMENDED COMPLAINT FOR DAMAGES**

*Camacho, et al. v. City of Anaheim, et al.*                    V. James DeSimone Law
Case No.:  8:25-cv-02872-MRA-ADS                    Law Offices of Dale K. Galipo

SHOOTER OFFICER pursuant to California Government Code § 815.2(a), which provides that a public entity is liable for injuries caused by its employees acting within the scope of his employment if the employee would be personally liable.

150. The conduct of DOE SHOOTER OFFICER was malicious, wanton, and oppressive, and carried out with conscious disregard for the rights and safety of DECEDENT, entitling Plaintiffs to an award of punitive damages against DOE SHOOTER OFFICER in his individual capacity.

151. As a result of the foregoing, DECEDENT suffered serious injuries, conscious pain and suffering, emotional distress, and ultimately, death. Plaintiffs seek wrongful death and survival damages, including but not limited to pre-death pain and suffering, emotional anguish, loss of life, loss of enjoyment of life, and any related medical and funeral expenses.

## TENTH CAUSE OF ACTION

### California Civil Code § 52.1 – Bane Act

### (Plaintiffs Against DOE SHOOTER OFFICER and CITY)

152. Plaintiffs reallege and incorporate by reference the allegations set forth above.

153. DOE SHOOTER OFFICER was acting within the course and scope of his employment with APD and was acting under color of state law.

154. California Civil Code section 52.1, known as the Bane Act, provides a private right of action against any person who interferes with or attempts to interfere with an individual's exercise or enjoyment of their constitutional or statutory rights by threats, intimidation, or coercion.

155. As alleged herein, DOE SHOOTER OFFICER intentionally interfered by threats, intimidation, and/or coercion with PLAINTIFF's exercise and enjoyment of rights under federal and state law and under the federal and state constitutions (including, without limitation, Amendment 4 of the U.S. Constitution; California Civil Code Sections 43, 51, and 51.7 and Penal Code

25

FIRST AMENDED COMPLAINT FOR DAMAGES
*Camacho, et al. v. City of Anaheim, et al.*                    V. James DeSimone Law
Case No.: 8:25-cv-02872-MRA-ADS                    Law Offices of Dale K. Galipo

Sections 149, 240, and 242; and Article I, Sections 1, 7, 13, and 17 of the California Constitution), including, without limitation, the right to be free from any violence, the right to bodily integrity, the right of protection from bodily restraint or harm and harm to personal relations, the right to be free from excessive force by police, and the right be free from unreasonable searches and seizures and the right to due process. DEFENDANTS acted intentionally and with reckless disregard for the rights of PLAINTIFF.

156. When DOE SHOOTER OFFICER unnecessarily shot DECEDENT, he interfered with his civil rights to be free from unreasonable searches and seizures, due process, equal protection of the laws, medical care, and life, liberty, and property. DOE SHOOTER OFFICER intentionally used deadly force, demonstrating a reckless disregard for DECEDENT's right to be free from excessive force. DOE SHOOTER OFFICER acted with the specific intent to violate DECEDENT's constitutional rights or with reckless disregard for those rights  through coercive and deadly means

157. Plaintiffs are informed and believe that DECEDENT reasonably perceived the conduct of DOE SHOOTER OFFICER as violent and threatening, and that such conduct discouraged and ultimately eliminated his ability to exercise his constitutional rights

158. The use of firearms and deadly force against DECEDENT constituted threats, intimidation, and coercion

159. The City is liable for the Bane Act violations committed by their officers under principles of respondeat superior and through their policies, practices, and customs that authorized, ratified, or were deliberately indifferent to such violations.

160. As a direct and proximate result of Defendants' conduct, DECEDENT suffered severe injury, excruciating pre-death pain and suffering, and death.

26

**FIRST AMENDED COMPLAINT FOR DAMAGES**
*Camacho, et al. v. City of Anaheim, et al.*                    V. James DeSimone Law
Case No.:  8:25-cv-02872-MRA-ADS                    Law Offices of Dale K. Galipo

161.   As a result of the conduct of DOE SHOOTER OFFICER, DECEDENT experienced conscious pain and suffering, loss of life, and Plaintiffs were deprived of his love, companionship, and support.

162.   Pursuant to California Government Code § 815.2(a), Defendant CITY is vicariously liable for the wrongful conduct of DOE SHOOTER OFFICER.

163.   The conduct of DOE SHOOTER OFFICER was malicious, wanton, oppressive, and carried out with a conscious disregard for the rights of DECEDENT and Plaintiffs. Plaintiffs are therefore entitled to punitive damages against DOE SHOOTER OFFICER in his individual capacity.

164.   Plaintiffs seek survival damages, punitive damages, attorneys' fees, and costs under California Civil Code § 52.1, including a multiplier as permitted by Civil Code § 52 et seq.

## ELEVENTH CAUSE OF ACTION

### Battery (Wrongful Death and Survival)

### (Plaintiffs Against DOE SHOOTER OFFICER and CITY)

165.   Plaintiffs reallege and incorporate by reference the allegations fully set forth above.

166.   DOE SHOOTER OFFICER was acting within the course and scope of his employment as an officer for APD and was acting under color of state law.

167.   DOE SHOOTER OFFICER intentionally shot DECEDENT, causing his fatal injuries. DOE SHOOTER OFFICER had no legal justification for using deadly force against DECEDENT, rendering the use of such force unreasonable and unlawful under the circumstances.

168.   At the time of the shooting, DECEDENT posed no immediate threat of death or serious bodily injury, and was on the ground with his back towards DOE SHOOTER OFFICER when the shots were fired.  Less-lethal alternatives were available, and, upon information and belief, no verbal warning of deadly

FIRST AMENDED COMPLAINT FOR DAMAGES
*Camacho, et al. v. City of Anaheim, et al.*                    V. James DeSimone Law
Case No.:  8:25-cv-02872-MRA-ADS                    Law Offices of Dale K. Galipo

force was given.

169.   Pursuant to California Government Code § 815.2, Defendant CITY is vicariously liable for the wrongful acts of its employee, DOE SHOOTER OFFICER.

170.   The conduct of DOE SHOOTER OFFICER was malicious, wanton, and oppressive, and carried out with a conscious disregard for the rights and safety of DECEDENT, entitling Plaintiffs to an award of punitive damages against DOE SHOOTER OFFICER.

171.   Plaintiffs seek wrongful death, survival, and punitive damages under this claim. Survival damages include pre-death pain and suffering.

## TWELFTH CAUSE OF ACTION

### Negligence (Wrongful Death and Survival)

### (Plaintiffs Against Doe Defendants 1–7 and CITY)

172.   Plaintiffs reallege and incorporate by reference the allegations fully set forth above.

173.   DOE SHOOTER OFFICER was acting within the course and scope of his employment as an officer for the APD.

174.   Law enforcement officers, including DOE SHOOTER OFFICER, owe a duty to exercise reasonable care in the performance of their duties, including but not limited to: using appropriate de-escalation tactics; giving clear, non-conflicting commands; using deadly force only when necessary; and providing or summoning timely medical care after causing serious injury.

175.   DOE SHOOTER OFFICER breached that duty by shooting DECEDENT without legal justification. The actions of DOE SHOOTER OFFICER were negligent, including but not limited to:

a.   The unlawful and unreasonable use of deadly force;

b.   The failure to de-escalate the situation prior to using force;

c.   The failure to give clear, adequate, or lawful verbal commands;

28

**FIRST AMENDED COMPLAINT FOR DAMAGES**
*Camacho, et al. v. City of Anaheim, et al.*                    V. James DeSimone Law
Case No.:  8:25-cv-02872-MRA-ADS                    Law Offices of Dale K. Galipo

d.     The immediate and unjustified escalation to a deadly force option without attempting less-lethal alternatives;

e.     The failure to maintain a safe tactical distance or use cover to allow time for assessment and communication;

f.     The failure to reassess the threat posed by DECEDENT after he was on the ground with his back towards him;

g.     The use of deadly force even after DECEDENT had his hands on the ground saying don't shoot several times; and,

h.     The failure to recognize and respond appropriately to DECEDENT's nonviolent and non-threatening behavior.

176.   DECEDENT posed no immediate threat of death or serious bodily injury and was not warned that deadly force would be used.

177.   Doe Officer Defendants 2–7 were present at the scene and owed a duty to exercise reasonable care in the performance of their duties, including by employing sound tactics, coordinating with other officers to de-escalate the encounter, and intervening to prevent the use of excessive and unjustified force by DOE SHOOTER OFFICER. Doe Officer Defendants 2–7 breached that duty by failing to take reasonable steps to de-escalate the situation, failing to intervene to prevent the shooting despite having a realistic opportunity to do so, and failing to render timely medical aid to DECEDENT after he was shot. The negligent acts and omissions of Doe Officer Defendants 2–7 were substantial factors in causing DECEDENT's injuries and death.

178.   Defendant CITY is vicariously liable for the negligence of DOE SHOOTER OFFICER and Doe Officer Defendants 2–7 pursuant to California Government Code § 815.2(a).

179.   Plaintiffs seek survival and wrongful death damages under this claim; survival damages include pre-death pain and suffering damages.

29

**FIRST AMENDED COMPLAINT FOR DAMAGES**
*Camacho, et al. v. City of Anaheim, et al.*                    V. James DeSimone Law
Case No.:  8:25-cv-02872-MRA-ADS                    Law Offices of Dale K. Galipo

# THIRTEENTH CAUSE OF ACTION

## Negligent Hiring, Training, Supervision, and Retention

## (Plaintiffs Against Doe Defendants 8–10 and CITY)

180. Plaintiffs reallege and incorporate by reference the allegations set forth above.

181. Defendants DOES 8–10, as supervisory officers and/or command staff within the Anaheim Police Department, owed a duty to exercise reasonable care in the hiring, training, supervision, and retention of officers under their command, including DOE SHOOTER OFFICER.

182. Defendants DOES 8–10 breached that duty by failing to adequately screen, train, supervise, and discipline officers regarding the constitutional limits on the use of force.

183. Defendants DOES 8–10 knew or should have known that their hiring, training, supervision, and retention practices were inadequate and created an unreasonable risk of harm to people like DECEDENT.

184. The negligent hiring, training, supervision, and retention by Defendants DOES 8–10 were substantial factors in causing DECEDENT's death.

185. As a direct and proximate result, DECEDENT suffered severe injury, excruciating pre-death pain and suffering, and death, and Plaintiffs suffered the damages alleged herein.

186. Pursuant to California Government Code § 815.2(a), Defendant CITY is vicariously liable for the wrongful acts of its employees, Defendants DOES 8–10, committed within the course and scope of their employment.

187. Plaintiffs seek survival and wrongful death damages under this claim, including pre-death pain and suffering damages.

**FIRST AMENDED COMPLAINT FOR DAMAGES**

*Camacho, et al. v. City of Anaheim, et al.*          V. James DeSimone Law
Case No.:  8:25-cv-02872-MRA-ADS          Law Offices of Dale K. Galipo

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For compensatory damages in excess of thirty million dollars, including: survival damages—such as pre-death pain and suffering and loss of life— and wrongful death— such as loss of love, affection, association, companionship, society, care, comfort, protection, and guidance;

2. For special damages including funeral and burial expenses in an amount to be proven at trial;

3. For damages for DECEDENT's pre-death pain and suffering in an amount to be proven at trial;

4. For punitive and exemplary damages against DOE SHOOTER OFFICER in an amount sufficient to punish and deter such conduct;

5. For pre-judgment interest at the legal rate;

6. For post-judgment interest at the legal rate;

7. For statutory damages;

8. For treble damages as permitted under California Civil Code § 52.1(h);

9. For reasonable attorneys' fees and costs of suit pursuant to 42 U.S.C. § 1988 and other applicable California law;

10. For such other and further relief as the Court deems just, proper and appropriate.

31

**FIRST AMENDED COMPLAINT FOR DAMAGES**
*Camacho, et al. v. City of Anaheim, et al.*                V. James DeSimone Law
Case No.:  8:25-cv-02872-MRA-ADS                Law Offices of Dale K. Galipo

Dated: April 17, 2026          **LAW OFFICES OF DALE K. GALIPO**

                               By:    */s/   Cooper Alison-Mayne*
                                      Dale K. Galipo
                                      V. James DeSimone
                                      Ryann E. Hall
                                      Cooper Alison-Mayne
                                      *Attorneys for PLAINTIFFS, ROSIE*
                                      *CAMACHO and ALBERT ARZOLA*

32

**FIRST AMENDED COMPLAINT FOR DAMAGES**
*Camacho, et al. v. City of Anaheim, et al.*                V. James DeSimone Law
Case No.:  8:25-cv-02872-MRA-ADS                Law Offices of Dale K. Galipo

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

Dated: April 17, 2026        **LAW OFFICES OF DALE K. GALIPO**

By:    /s/    *Cooper Alison-Mayne*
      Dale K. Galipo
      V. James DeSimone
      Ryann E. Hall
      Cooper Alison-Mayne
      *Attorneys for PLAINTIFFS, ROSIE CAMACHO and ALBERT ARZOLA*

**FIRST AMENDED COMPLAINT FOR DAMAGES**

*Camacho, et al. v. City of Anaheim, et al.*      V. James DeSimone Law
Case No.: 8:25-cv-02872-MRA-ADS      Law Offices of Dale K. Galipo