STEVEN J. ROTHANS – State Bar No. 106579
JILL WILLIAMS - State Bar No. 221793
CARPENTER, ROTHANS & DUMONT LLP
500 South Grand Avenue, 19th Floor
Los Angeles, California 90071
(213) 228-0400 / (213) 228-0401 (Fax)
srothans@crdlaw.com / jwilliams@crdlaw.com

ROBERT FABELA, CITY ATTORNEY
GREGG AUDET – State Bar No. 158682
Assistant City Attorney
200 S. Anaheim Boulevard, Suite 356
Anaheim, CA  92805
(714) 765-5169 / (714) 765-5123 [Fax]
gaudet@anaheim.net

Attorneys for Defendants,
City of Anaheim and Chief Rick Armendariz

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSIE CAMACHO and ALBERT ARZOLA, individually and as successors-in-interest to DECEDENT ARZOLA, deceased, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF ANAHEIM; CHIEF OF POLICE RICK ARMENDARIZ, in his official capacity; DOE SHOOTER OFFICER in his individual and official capacity; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 8:25-cv-02872-MRA-ADS <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CERTIFICATE OF COMPLIANCE** <br><br> [Fed. R. Civ. P. 12(b)(6)] <br><br> Date:  July 7, 2026 <br> Time: 10 a.m. <br> Courtroom: 9B (Santa Ana) <br><br> Discovery cut-off:  Not set <br> Final pre-trial conference:  Not set <br> Trial:  Not set |

PLEASE TAKE NOTICE that on July 7, 2026, at 10:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 9B, 9th Floor, of the United States District Court, Central District of California, located at 411 W. Fourth

-1-

Street, Santa Ana, California, Defendants City of Anaheim and Chief Rick Armendariz will and hereby do move this Court for an Order dismissing the plaintiffs' First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This motion is made on the following grounds:

1.      Claim 5, entitled "42 U.S.C. § 1983 – Municipal Liability Under Monell," fails to state a claim upon which relief can be granted.

2.      Claim 6, entitled "Municipal Liability: Failure to Train (§ 1983)," fails to state a claim upon which relief can be granted.

3.      Claim 7, entitled "Municipal Liability: Ratification (§ 1983)," fails to state a claim upon which relief can be granted.

4.      Claim 9, entitled "False Arrest / False Imprisonment," fails to state a claim upon which relief can be granted.

5.      The First Amended Complaint fails to state facts sufficient to support any claim against Defendant Chief Rick Armendariz in either an individual or official capacity.

This motion was filed following meet and confer efforts of counsel, pursuant to Central District Local Rule 7-3, by both email and telephonic conference. Although counsel were able to informally resolve some issues, which resulted in the filing of the First Amended Complaint, counsel were unable to informally resolve the issues raised in this motion.

This motion will be made and based on this Notice of Motion, the Memorandum of Points and Authorities, the pleadings and records on file with this Court, any evidence of which the Court may take judicial notice prior to or at the hearing of this matter, and upon such oral or documentary evidence as may be presented at the hearing of this motion.

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED COMPLAINT

DATED:  May 8, 2026          CARPENTER, ROTHANS & DUMONT


By:  /s/ Jill Williams
     Jill Williams
     Attorneys for Defendants

-3-

# TABLE OF CONTENTS

I.    INTRODUCTION……………………………………………………………5

II.   PLAINTIFFS' CLAIMS…………………………………………………...5

III.  LEGAL STANDARD ON MOTION TO DISMISS…………………...6

IV.   ARGUMENT………………………………………………………….8

    A.   Chief Armendariz should be dismissed, where no claim is asserted against him in either an individual or official capacity………………………………………………………….8

    B.   The fifth claim fails because the plaintiffs do not allege sufficient facts to support their contention that a policy, custom or practice of the City led to a violation of the decedent's civil rights……………………………………………...8

    C.   The sixth claim fails because the plaintiffs do not allege sufficient facts to support their contention that the City was deliberately indifferent to the training needs of its police officers……………………………………………….13

    D    The seventh claim fails because the plaintiffs do not allege sufficient facts to support their contention that a final policymaker at the City ratified conduct that violated the decedent's constitutional rights……………………………………………15

    E.   The ninth claim for false arrest and imprisonment fails to state a claim upon which relief can be granted, where the decedent was subject to a Fourth Amendment seizure prior to the time force was used……………………………16

V.    CONCLUSION……………………………………………………19

# TABLE OF AUTHORITIES

**Federal Cases**

A.E. ex rel. Hernandez v. County of Tulare, 666 F.3d 631 (9th Cir. 2012) ...........11

Anderson v. Clow (In re Stac Elecs. Sec. Litig.), 89 F.3d 1399 (9th Cir. 1996) ......7

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ...........................................................7, 11

Aulston v. Blanchard, 83 F.3d 1 (1st Cir. 1996) ......................................................7

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).................................................6, 7

Benavidez v. Cnty. of San Diego, 993 F.3d 1134 (9th Cir. 2021).........................13

Berry v. Baca, 379 F.3d 764 (9th Cir. 2004).........................................................10

Brendlin v. California, 551 U.S. 249 (2007).........................................................17

Brown v. Oboudin, 2017 WL 10543398 (C.D. Cal. Mar. 28, 2017) .....................11

California v. Hodari D., 499 U.S...........................................................17, 18, 19

City of Canton v. Harris, 489 U.S. 378 (1989) ....................................................13

City of St. Louis v. Praprotnik, 485 U.S. 112 (1988)...........................................15

Cnty. of Sacramento v. Lewis, 523 U.S. 833 (1998) .......................................17, 19

Connick v. Thompson, 563 U.S. 51 (2011)........................................................13, 14

Dodge v. Evergreen Sch. Dist. #114, 56 F.4th 767 (9th Cir. 2022)........................15

Fairlev v. Luman, 281 F.3d 913 (9th Cir. 2002) ..................................................10

Flores v. County of Los Angeles, 758 F.3d 1154 (9th Cir. 2014)..........................13

Gillette v. Delmore, 979 F.2d 1342 (9th Cir. 1992)...............................................11

Gompper v. VISX, Inc., 298 F.3d 893 (9th Cir. 2002) ............................................7

Harper v. City of Los Angeles, 533 F.3d 1010 (9th Cir. 2008) .............................14

Hyde v. City of Willcox, 23 F.4th 863 (9th Cir. 2022) ..........................................13

In re Gilead Sciences Sec. Litig., 536 F.3d 1049 (9th Cir. 2008) ...........................7

Kirkpatrick v. Washoe County, 843 F.3d 784 (9th Cir. 2016)...............................14

Lytle v. Carl, 382 F.3d 978 (9th Cir. 2004)...........................................................15

Marsh v. County of San Diego, 680 F.3d 1148 (9th Cir. 2012) ............................13

-2-

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED COMPLAINT

McMillian v. Monroe Cty., 520 U.S. 781 (1997)..................................................................10

Meehan v. City of Culver City, 856 F.2d 102 (9th Cir. 1988)...............................................10

Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097 (9th Cir. 2008)..............................6

Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978)..................................................................................................................................10

Palermo v. Town of N. Reading, 370 Fed.App'x. 128 (10th Cir. 2010).................................12

Perryman v. City of Pittsburg, 545 F. Supp. 3d 796 (N.D. Cal. 2021) ..................................16

Puente v. City of Phoenix, 123 F.4th 1035 (9th Cir. 2024)....................................................16

Rodriguez v. City of Modesto, 535 Fed. App'x. 643 (9th Cir. 2013).....................................11

Sabra v. Maricopa Cnty. Cmty. Coll. Dist., 44 F.4th 867 (9th Cir. 2022)..............................15

Sheehan v. City & County of San Francisco, 743 F.3d 1211 (9th Cir. 2014) ........15

Sprewell v. Golden State Warriors, 266 F.3d 979 (9th Cir. 2001)............................7

Trevino v. Gates, 99 F.3d 911 (9th Cir. 1996) ..................................................10, 11

Tsao v. Desert Palace, Inc., 698 F.3d 1128 (9th Cir. 2012) .....................................14

United States v. Hernandez, 27 F.3d 1403 (9th Cir. 1994)......................................17

United States v. McClendon, 713 F.3d 1211 (9th Cir. 2013) .................................17

Via v. City of Fairfield, 833 F.Supp.2d 1189 (E.D. Cal. 2011) ..............................12

Wilson ex rel. Bevard v. City of W. Sacramento, No. CIV. 2:13-2550 WBS, 2014 WL 1616450 (E.D. Cal. Apr. 22, 2014) ..................................................................11

**State Cases**

Cox v. Griffin, 34 Cal.App.5th 440, fn. 6 (2019).....................................................17

**Federal Statutes**

42 U.S.C. § 1983.................................................. 2, 4, 5, 6, 10, 11, 12, 13, 15, 16

**State Statutes**

Cal. Penal Code § 834 ..............................................................................................17

California Civil Code § 52.1.......................................................................................6

-3-

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED COMPLAINT

**Federal Rules**

[Federal Rules of Civil Procedure] Rule 8 ..............................................................11
Fed. R. Civ. P. 12(b)(6) ...................................................................1, 2, 6, 7
Federal Rule of Civil Procedure 8(a)...........................................................6

**Other Authorities**

Central District Local Rule 7-3 ......................................................................2
L.R. 11- ...........................................................................................19

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED COMPLAINT

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.    INTRODUCTION

This lawsuit arises out of the shooting of the plaintiffs' decedent by an Anaheim Police Department police officer just six months ago, on December 6, 2025.  The operative pleading, the First Amended Complaint, asserts 13 claims under 42 U.S.C. § 1983 and state law against the City of Anaheim, former Chief of Police Rick Armendariz, and various unnamed Doe defendants.

In this motion, the City and Chief Armendariz challenge the claims against the City under 42 U.S.C. § 1983 (Claims 5, 6, and 7), and the state tort claim for false arrest / false imprisonment (Claim 9).  The First Amended Complaint relies exclusively on conclusory statements to support Claims 5, 6 and 7.  As for Claim 9, that claim fails because the decedent was not arrested or subjected to a Fourth Amendment "seizure" prior to the time force was used against him.  In addition, this motion seeks dismissal of Chief Armendariz because, although he is named as a defendant, no claims are brought (or could be brought) against him.

### II.    PLAINTIFFS' CLAIMS

The First Amended Complaint asserts 13 claims for relief, under both 42 U.S.C. § 1983 and California State law.  These claims include:

| No. | Claim | By Plaintiff | Against Defendant |
|-----|-------|--------------|-------------------|
| 1 | 42 U.S.C. § 1983 – Unlawful Detention or Arrest | All plaintiffs | Doe Shooter |
| 2 | 42 U.S.C. § 1983 – Excessive Force | All plaintiffs | Doe Shooter |
| 3 | 42 U.S.C. § 1983 – Deliberate Indifference to Serious Medical Needs | All plaintiffs | Doe Shooter, Does 1-7 |

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED COMPLAINT

| No. | Claim | By Plaintiff | Against Defendant |
|---|---|---|---|
| 4 | 42 U.S.C. § 1983 – Interference with Familial Relationship | All plaintiffs | Doe Shooter |
| 5 | 42 U.S.C. § 1983 – Municipal Liability Under Monell - Unconstitutional Custom or Policy | All plaintiffs | City |
| 6 | 42 U.S.C. § 1983 – Municipal Liability, Failure to Train | All plaintiffs | City |
| 7 | 42 U.S.C. § 1983 – Municipal Liability, Ratification | All plaintiffs | City |
| 8 | 42 U.S.C. § 1983 – Failure to Intervene | All plaintiffs | Does 1-7 |
| 9 | False Arrest / Imprisonment | All plaintiffs | Doe Shooter, Does 1-7 |
| 10 | California Civil Code § 52.1 – Bane Act | All Plaintiffs | Doe Shooter, City |
| 11 | Battery (wrongful death and survival) | All Plaintiffs | Doe Shooter, City |
| 12 | Negligence (wrongful death and survival) | All Plaintiffs | Does 1-7, City |
| 13 | Negligent Hiring, Training, Supervision, and Retention | All Plaintiffs | Does 8-10, City |

## III.   LEGAL STANDARD ON MOTION TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P.

-6-

12(b)(6).  A complaint may be dismissed for failure to state a claim for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007); <u>see also</u> <u>Mendiondo v. Centinela Hosp. Med. Ctr.</u>, 521 F.3d 1097, 1104 (9th Cir. 2008).

Federal Rule of Civil Procedure 8(a) provides that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  The complaint must state facts sufficient to show that a claim for relief is plausible on its face.  <u>Twombly</u>, 550 U.S. 544, 570 (2007).  The complaint need not include detailed factual allegations but must provide more than a "formulaic recitation of the elements of a cause of action."  <u>Id.</u> at 555.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion, a plaintiff must provide grounds demonstrating its entitlement to relief.  <u>Twombly</u>, 550 U.S. at 555 (2007).  Under the Supreme Court's decisions in <u>Twombly</u> and <u>Iqbal</u>, this requires that a complaint contain "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  <u>Iqbal</u>, 556 U.S. at 678, quoting <u>Twombly</u>, 550 U.S. at 570.

The Court must construe the complaint in the light most favorable to the plaintiff, by accepting all allegations of material fact as true, and drawing all reasonable inferences from well-pleaded factual allegations in favor of the plaintiff.  <u>Gompper v. VISX, Inc.</u>, 298 F.3d 893, 896 (9th Cir. 2002).  But the Court is not required to accept as true legal conclusions couched as factual allegations.  <u>Iqbal</u>, 556 U.S. at 678; <u>In re Gilead Sciences Sec. Litig.</u>, 536 F.3d

-7-

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED COMPLAINT

1049, 1055 (9th Cir. 2008), citing Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (recognizing that a court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."); see also Anderson v. Clow (In re Stac Elecs. Sec. Litig.), 89 F.3d 1399, 1403 (9th Cir. 1996) ("[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."); Aulston v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (holding that courts need not "swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited.").

## IV.   ARGUMENT

### A. Chief Armendariz should be dismissed, where no claim is asserted against him in either an individual or official capacity.

The plaintiffs named former Anaheim Police Department Chief Rick Armendariz as a defendant in this action and served him with a summons and the Complaint. See Dkt. 19. In the Complaint, Chief Armendariz was sued in "both his individual and official capacities." Dkt. 1, ¶ 17. Thereafter, the plaintiffs filed a First Amended Complaint. Dkt. 22. In that pleading, Chief Armendariz is still named as a defendant and is still sued in "both his individual and official capacities." Dkt. 22, ¶ 16. However, no claim is brought against him. Therefore, Chief Armendariz should be dismissed.

### B. The fifth claim fails because the plaintiffs do not allege sufficient facts to support their contention that a policy, custom or practice of the City led to a violation of the decedent's civil rights.

In their fifth claim, the plaintiffs allege that there existed numerous customs, practices and policies at the City that led to a violation of the decedent's civil rights, including:

> a. Using excessive force, including excessive use of deadly force;

-8-

b. Providing inadequate training regarding the use of deadly force;

c. Employing and retaining as officers individuals such as DOE SHOOTER OFFICER whom Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing his authority and for using excessive force;

d. Inadequately supervising, training, controlling, assigning, and disciplining CITY officers and other personnel, including DOE SHOOTER OFFICER, whom Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including a failure to train with respect to the use of lethal firearms;

e. Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY officers;

f. Failing to adequately discipline CITY officers for the above referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

g. Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

h. Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

i. Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil,"

-9-

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED COMPLAINT

or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing; and

j. Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings and other uses of force, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of people that are not posing a threat of serious bodily harm or death.

First Am. Compl., ¶ 111

There are no facts pleaded to support any of these conclusory allegations.

In Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694-95 (1978), the Supreme Court held, "the doctrine of respondeat superior is not a basis for rendering municipalities liable under § 1983 for the constitutional torts of their employees." Id. at 663; McMillian v. Monroe Cty., 520 U.S. 781 (1997). A plaintiff cannot succeed on a claim under Monell unless they can show that, "action pursuant to official municipal policy of some nature caused a constitutional violation." See Berry v. Baca, 379 F.3d 764, 767 (9th Cir. 2004). A "'policy' [for purposes of Monell] is 'a deliberate choice to follow a course of action… made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" Fairlev v. Luman, 281 F.3d 913 (9th Cir. 2002);

In Meehan v. City of Culver City, 856 F.2d 102 (9th Cir. 1988), the Ninth Circuit held that "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes

-10-

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED COMPLAINT

proof that it was caused by an existing, unconstitutional [local government] policy, which policy can be attributed to a [local government] policymaker." Id. at 107; see also Trevino v. Gates, 99 F.3d 911, 918-20 (9th Cir. 1996) (rejecting a plaintiff's claim that a city's purported practice of indemnifying officers for punitive damage awards incurred for using excessive force encouraged those officers to use excessive force in making arrests because "liability for improper custom may not be predicate on isolated or sporadic incidents").

To survive a motion to dismiss, a plaintiff must "put forth additional facts regarding the specific nature of the alleged 'policy, custom, or practice.'" A.E. ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012). The plaintiffs fail to do so here. As expressed by the Supreme Court in Twombly and Iqbal, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice … [Federal Rules of Civil Procedure] Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678. When applying this pleading standard to claims for entity liability under 42 U.S.C. § 1983 and Monell, "courts have repeatedly rejected conclusory Monell allegations that lack factual content from which one could plausibly infer Monell liability." Wilson ex rel. Bevard v. City of W. Sacramento, No. CIV. 2:13-2550 WBS, 2014 WL 1616450 at *2 (E.D. Cal. Apr. 22, 2014), citing Rodriguez v. City of Modesto, 535 Fed. App'x. 643, 646 (9th Cir. 2013)).

In support of their Monell claim, the plaintiffs allege in conclusory fashion that there existed various customs, practices and policies at the City. See First Am. Compl., ¶ 111. No facts are pleaded to support these allegations. The only facts pleaded by the plaintiffs are facts regarding the incident involving the decedent. This single instance is, at best, a sporadic or isolated incident, and insufficient to support a Monell claim. Trevino, 99 F.3d at 918-20. And complaints or

-11-

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED COMPLAINT

accusations of other misconduct are insufficient to show a custom or practice without actual "evidence of repeated constitutional" violations. Gillette v. Delmore, 979 F.2d 1342, 1359 (9th Cir. 1992).

What is more, the plaintiffs fail to demonstrate a nexus between any of the alleged policies and the incident involving the decedent. See, e.g., Brown v. Oboudin, 2017 WL 10543398, at *5 (C.D. Cal. Mar. 28, 2017) (dismissing Monell claim where "Plaintiff cites to various other lawsuits, but he fails to tie those lawsuits to the facts of this case"). Absent facts to support their conclusory allegations, the First Amended Complaint falls short. As the Court explained in Via v. City of Fairfield, 833 F.Supp.2d 1189 (E.D. Cal. 2011):

> This low threshold for pleading a Monell claim, however, cannot survive after the Supreme Court rejected "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" in Iqbal. Since Iqbal, courts have repeatedly rejected such conclusory allegations that lack factual content from which one could plausibly infer Monell liability. See, e.g., Palermo v. Town of N. Reading, 370 Fed.App'x. 128, 131 n. 4 (10th Cir. 2010) (dismissing a Monell claim when "the complaint as a whole contained no factual assertions whatsoever regarding Town policy"). Although plaintiff may benefit from discovery, the Supreme Court has made it clear that threadbare allegations are insufficient to "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."

Id. at 1196 (citations omitted).

Because of the absence of supporting facts, the plaintiffs' third claim should be dismissed. See, e.g., id. at 1196-97 (granting the defendant's motion to dismiss

-12-

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED COMPLAINT

where the complaint "merely recite[d] the general standards giving rise to municipal liability under § 1983.").

### C. The sixth claim fails because the plaintiffs do not allege sufficient facts to support their contention that the City was deliberately indifferent to the training needs of its police officers.

In their sixth claim, the plaintiffs allege that "[t]he training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal" and that "Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its Officers adequately."  First Am. Compl. ¶¶ 119, 120.  As with their fifth claim, there are no facts to support these conclusory statements.

In City of Canton v. Harris, 489 U.S. 378 (1989), the Supreme Court held that a public entity may be liable under 42 U.S.C. § 1983 for a "failure to train" its police officers, but only when the failure to train amounts to a "deliberate indifference" to the plaintiff's civil rights.  Id.  To state a claim for relief based upon a failure to train, a plaintiff must plead facts (as opposed to conclusions) to establish that: (1) the plaintiff's constitutional rights were violated; (2) there existed a training policy that amounted to a deliberate indifference to constitutional rights; and (3) that the constitutional injury would not have resulted if the agency properly trained their employees.  Benavidez v. Cnty. of San Diego, 993 F.3d 1134, 1153-54 (9th Cir. 2021).

As with the fifth claim, conclusory allegations premised on a single incident or sporadic instances where constitutional rights were purportedly violated are insufficient to meet the deliberate indifference standard.  "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train."  Connick v. Thompson, 563 U.S. 51, 62 (2011); see also Hyde v. City of Willcox, 23 F.4th 863, 874-75 (9th Cir. 2022) ("[w]hile deliberate indifference can be inferred from a

-13-

single incident when the unconstitutional consequences of failing to train are patently obvious, an inadequate training policy itself cannot be inferred from a single incident.") (quotation marks and citation omitted); Flores v. County of Los Angeles, 758 F.3d 1154, 1159-60 (9th Cir. 2014) (holding that, absent pattern of sexual assaults by deputies, alleged failure to train officers not to commit sexual assault did not constitute deliberate indifference); Marsh v. County of San Diego, 680 F.3d 1148, 1159 (9th Cir. 2012) (holding that practice must be "widespread" and proof of single inadequately-trained employee was insufficient).

The facts of this case do not fall within the "narrow range of circumstances" (Connick, 563 U.S. at 63-64) in which a pattern of similar violations is not necessary to show deliberate indifference.  See, e.g., id. (illustrating with example of providing a police officer a firearm, but not providing training regarding the use of deadly force); Kirkpatrick v. Washoe County, 843 F.3d 784 (9th Cir. 2016) (en banc) (holding that social services agency's complete failure to train social workers on the procedures for obtaining a warrant and when a warrant is required before taking a child from a parent fell was a "narrow circumstance" in which evidence of a pattern of similar violations was unnecessary).

Furthermore, the plaintiffs fail to articulate how the City's training failed or led to a purported violation of their civil rights.  To support the causation element of this claim, the plaintiffs must plead facts "showing both but for and proximate causation."  Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1146 (9th Cir. 2012), quoting Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008). "[P]roximate cause exists where 'an act or omission played a substantial part in bringing about or actually causing the injury or damage to plaintiff[].'"  Harper, 533 F.3d at 1026.  The plaintiffs' allegations to support this element are nothing more than conclusions, which are insufficient.  See First Am. Compl., ¶ 121 ("The failure of Defendant CITY to provide adequate training caused the deprivation of the DECEDENT's and Plaintiffs' rights by DOE SHOOTER OFFICER; that is,

-14-
NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED COMPLAINT

the defendants' failure to train is so closely related to the deprivation of the DECEDENT's and Plaintiffs' rights as to be the moving force that caused the ultimate injury").

Because of these pleading deficiencies, the sixth claim fails to state a claim upon which relief can be granted and, as such, should be dismissed.

### D. The seventh claim fails because the plaintiffs do not allege sufficient facts to support their contention that a final policymaker at the City ratified conduct that violated the decedent's constitutional rights.

In their seventh claim, the plaintiffs allege that, "[o]ne or more final policymakers within the CITY, including Chief Rick Armendariz, ratified or will ratify the acts and omissions of Defendant DOE SHOOTER OFFICER by reviewing the shooting of DECEDENT, with knowledge that DECEDENT did not pose an immediate threat of death or serious bodily injury at the time he was shot, and expressly approving Defendant DOE SHOOTER OFFICER's use of deadly force and failing to impose any discipline." First Am. Compl., ¶ 129. As with the fifth and sixth claims, these allegations are conclusory and unsupported by facts. The lack of facts is underscored by the plaintiffs' allegation that maybe, at some later point, the shooting will be ratified. See id. at ¶ 131 (alleging that a policy maker "will determine . . . that the actions of Defendant DOE SHOOTER OFFICER were 'within policy,' thereby ratifying those actions.").

To state a claim for ratification, a plaintiff must plead facts to demonstrate that an authorized policymaker approved a subordinate's actions that violated constitutional rights. Sabra v. Maricopa Cnty. Cmty. Coll. Dist., 44 F.4th 867, 885 (9th Cir. 2022); see also Lytle v. Carl, 382 F.3d 978, 987 (9th Cir. 2004) ("The policymaker must have knowledge of the constitutional violation and actually approve of it."), citing City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988).

-15-

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED COMPLAINT

"'Ratification . . . generally requires more than acquiescence,' and 'a mere failure to discipline . . . does not amount to ratification' of allegedly unconstitutional actions." Dodge v. Evergreen Sch. Dist. #114, 56 F.4th 767, 788 (9th Cir. 2022), citing Sheehan v. City & County of San Francisco, 743 F.3d 1211, 1231 (9th Cir. 2014), rev'd in part on other grounds, 575 U.S. 600 (2015).  A mere failure to overrule a subordinate's actions, without more, is insufficient to support a § 1983 ratification claim.  Lytle, 382 F.3d at 987-88 ("[R]atification requires both knowledge of the alleged constitutional violation, and proof that the policymaker specifically approved of the subordinate's act."); Puente v. City of Phoenix, 123 F.4th 1035, 1066 (9th Cir. 2024) (rejecting a ratification argument absent evidence final policy maker "knew and approved" of a subordinate's decision and the "basis for it").

The plaintiffs have not pleaded any facts to support this claim.  Their conclusions, which simply recite the elements of this claim, are not enough.  See, eg., Perryman v. City of Pittsburg, 545 F. Supp. 3d 796, 803 (N.D. Cal. 2021) (granting motion to dismiss ratification theory where plaintiff "failed to plead facts as to *how* policymakers ratified police conduct.") (emphasis in original).

**E. The ninth claim for false arrest and imprisonment fails to state a claim upon which relief can be granted, where the decedent was subject to a Fourth Amendment seizure prior to the time force was used.**

The plaintiffs assert a variety of claims challenging the reasonableness of the use of force against the decedent, including claims under 42 U.S.C. § 1983 (Claims 1, 2, 4) and claims under state law (Claims 10, 11).  In addition to those claims, the plaintiffs also assert a claim for "False Arrest / False Imprisonment" in which the plaintiffs appear to challenge the officer's interaction with the decedent that preceded the use of force.  In particular, the plaintiffs allege that "DOE SHOOTER OFFICER detained DECEDENT through the use of force and coercion, escalating

-16-

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED COMPLAINT

immediately to deadly force without providing clear commands, warnings, or lawful justification. DECEDENT was not free to leave, and his freedom of movement was intentionally restricted by DOE SHOOTER OFFICER's conduct." First Am. Compl., ¶¶ 145.

To the extent this claim is premised on the use of force against the decedent, it is duplicative of the plaintiffs' numerous other claims that directly challenge the shooting officer's use of force.  To the extent this claim is premised on the officer's conduct that preceded the use of force, this claim fails because, as a matter of law, the decedent was neither arrested nor imprisoned prior to the time force was used against him.

Under California law, "[f]alse arrest and false imprisonment are the same tort.  False arrest is a way of committing false imprisonment." Cox v. Griffin, 34 Cal.App.5th 440, 446, fn. 6 (2019).  The California Penal Code defines an "arrest" as "taking a person into custody, in a case and in the manner authorized by law." Cal. Penal Code § 834.  In other words, the plaintiffs must plead facts to demonstrate that the decedent was subject to a Fourth Amendment seizure.

In Terry v. Ohio, 392 U.S.1 (1968), the Supreme Court explained, "[o]bviously, not all personal intercourse between policemen and citizens involves 'seizures' of persons.  Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred." Id. at 7, fn. 16.  However, when a suspect does not yield to a show of authority (as is alleged here), a seizure does not occur. California v. Hodari D., 499 U.S. at 626 ("The narrow question before us is whether, with respect to a show of authority as with respect to application of physical force, a seizure occurs even though the subject does not yield.  We hold that it does not."); see also Brendlin v. California, 551 U.S. 249, 254 (2007) ("A police officer may make a seizure by a show of authority and without the use of physical force, but there is no seizure without actual submission; otherwise, there

-17-

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED COMPLAINT

is at most an attempted seizure, so far as the Fourth Amendment is concerned."); Cnty. of Sacramento v. Lewis, 523 U.S. 833, 845 n. 7 (1998) ("Attempted seizures of a person are beyond the scope of the Fourth Amendment.").  Ninth Circuit precedent is in accord.  United States v. Hernandez, 27 F.3d 1403, 1406-07 (9th Cir. 1994); United States v. McClendon, 713 F.3d 1211 (9th Cir. 2013).

In Hodari D., the Supreme Court addressed a factual pattern similar to that alleged here.  There, police officers rounded a street corner in their patrol car and observed a group of juveniles huddled around a vehicle.  When they saw the officers, the juveniles fled.  One juvenile, Hodari, fled into an alley and, while running, discarded a lump of rock cocaine.  When the officers ultimately caught up with Hodari, they tackled him, handcuffed him, and arrested him for possession of drugs.  Hodari D., 499 U.S. at 623.  At Hodari's criminal trial, he moved to suppress evidence of the cocaine, arguing that it was fruit of the poisonous tree because he had been unlawfully "seized" at the time he discarded the cocaine.  The district court denied the motion to suppress and the appellate court reversed, on the basis that Hodari had been "seized" when he saw the officers running towards him and that this seizure was unreasonable under the Fourth Amendment.  The Supreme Court reversed.  Id.

The Supreme Court engaged in a lengthy analysis of the meaning of the word "seizure," both in the general, common-law sense and under the Fourth Amendment.  Highlighting the lack of logic in Hodari's argument, the High Court explained:

> The language of the Fourth Amendment, of course, cannot sustain respondent's contention.  The word "seizure" readily bears the meaning of a laying on of hands or application of physical force to restrain movement, even when it is ultimately unsuccessful.  ("She seized the purse-snatcher, but he broke out of her grasp.") It does not remotely apply, however, to the

-18-

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED COMPLAINT

prospect of a policeman yelling "Stop, in the name of the law!" at a fleeing form that continues to flee.  That is no seizure.  Nor can the result respondent wishes to achieve be produced – indirectly, as it were – by suggesting that [the officer's] uncomplied-with show of authority was a common-law arrest, and then appealing to the principle that all common-law arrests are seizures.  **An arrest requires either physical force (as described above) or, where that is absent, submission to the assertion of authority**.

Id. at 626 (emphasis added).

The plaintiffs allege that prior to the time force was used against the decedent, officers were patrolling the neighborhood, exited their vehicle, and ran towards the front door of the decedent's home as decedent was attempting to enter his home.  First Am. Compl., ¶¶ 32-34.  However, before force was used, there was no "termination of freedom of movement".  The most that occurred was an "attempted seizure," which is beyond the scope of the Fourth Amendment.  Lewis, 523 U.S. at 845, n. 7.

## V.     CONCLUSION

For the foregoing reasons, the defendants respectfully request that the Court grant this motion in its entirety.

DATED:  May 8, 2026                    CARPENTER, ROTHANS & DUMONT

By:  /s/ Jill Williams
_____
Jill Williams
Attorneys for Defendants

-19-
NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED COMPLAINT

## **L.R. 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for the defendants, certifies that this brief contains 4,421 words, which complies with the word limit of L.R. 11-6.1.

DATED:  May 8, 2026                    CARPENTER, ROTHANS & DUMONT

                              By:  /s/ Jill Williams
                                   Jill Williams
                                   Attorneys for Defendants

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED COMPLAINT