**STEVEN J. ROTHANS – State Bar No. 106579**
**JILL WILLIAMS - State Bar No. 221793**
**CARPENTER, ROTHANS & DUMONT LLP**
**500 South Grand Avenue, 19th Floor**
**Los Angeles, California 90071**
**(213) 228-0400 / (213) 228-0401 (Fax)**
**srothans@crdlaw.com / jwilliams@crdlaw.com**

**ROBERT FABELA, CITY ATTORNEY**
**GREGG AUDET – State Bar No. 158682**
**Assistant City Attorney**
**200 S. Anaheim Boulevard, Suite 356**
**Anaheim, CA  92805**
**(714) 765-5169 / (714) 765-5123 [Fax]**
**gaudet@anaheim.net**

Attorneys for Defendants,
City of Anaheim and Chief Rick Armendariz

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSIE CAMACHO and ALBERT ARZOLA, individually and as successors-in-interest to DECEDENT ARZOLA, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ANAHEIM; CHIEF OF POLICE RICK ARMENDARIZ, in his official capacity; DOE SHOOTER OFFICER in his individual and official capacity; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 8:25-cv-02872-MRA-ADS<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CERTIFICATE OF COMPLIANCE**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>Date:  July 7, 2026<br>Time: 10 a.m.<br> Courtroom: 9B (Santa Ana)<br><br>Discovery cut-off:  Not set<br>Final pre-trial conference:  Not set<br>Trial:  Not set |

COME NOW Defendants City of Anaheim and Chief Rick Armendariz and hereby submit the following Memorandum of Points and Authorities in reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss the First Amended

-1-

REPLY IN SUPPORT OF MOTION TO DISMISS

Complaint.

DATED:  June 23, 2026          CARPENTER, ROTHANS & DUMONT


By:  /s/ Jill Williams
     Jill Williams
     Attorneys for Defendants

REPLY IN SUPPORT OF MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

This lawsuit arises out of the shooting of the plaintiffs' decedent by an Anaheim Police Department police officer just six months ago, on December 6, 2025.  Despite the plaintiffs' arguments, the First Amended Complaint contains numerous pleading deficiencies which subject it to dismissal.  First, the pleading fails to plausibly state a Monell claim under any theory because the allegations are impermissibly vague.  The plaintiffs' Monell claims are the quintessential example of the threadbare, conclusory recital of the elements that courts routinely reject.  Second, because no claim is asserted against Chief Armendariz, he should be dismissed.  Finally, with respect to the state tort claims for false arrest/false imprisonment, the plaintiffs' argument highlights the fact that the claim is premised on the force used and is, thus, duplicative of the excessive force and battery claims.

### II.     LEGAL ARGUMENT

**A. The fifth claim fails because the plaintiffs' allegations are insufficient to support their contention that a policy, custom or practice of the City led to a violation of the decedent's civil rights.**

The plaintiffs' failure to allege the existence of a specific policy in either the First Amended Complaint is fatal to the Monell claim based on a policy, custom, or practice that led to a violation of the decedent's civil rights.  Rather than try to address this issue, the plaintiffs try to conflate different legal issues with the pleading standard required here to suggest the sufficiency of their allegations.

The plaintiffs' reliance on Henry v. County of Shasta, 132 F.3d 512 (9th Cir. 1997) is misplaced.  In Henry, the Ninth Circuit was reviewing a district court's decision to grant summary judgment in favor of the government defendants.  See id. at 517.  The Henry court was reviewing declarations that the plaintiff submitted in support of the contention that there existed a municipal policy, which were "by

-1-

REPLY IN SUPPORT OF MOTION TO DISMISS

no means the only evidence [the plaintiff] offered to support his Monell claim, however." Id. at 520.  The Henry court did not address whether allegations were sufficient to withstand a Rule 12(b)(6) motion, but what evidence was sufficient to overcome summary judgment.

Following Iqbal, "[a]llegations of Monell liability will be sufficient for purposes of Rule 12(b)(6) where a plaintiff can: (1) identify the challenged policy/custom; (2) explain how the policy/custom is deficient; (3) explain how the policy/custom caused the plaintiff harm; and (4) reflect how the policy/custom amounted to deliberate indifference, i.e. show how the deficiency involved was obvious and the constitutional injury was likely to occur." Young v. City of Visalia, 687 F.Supp.2d 1155, 1163 (E.D. Cal. 2010). Under this standard, the First Amended Complaint falls far short.

It is well established that conclusory and general allegations, which Plaintiffs rely on here, are not sufficient to maintain a Monell action.  See Estate of Osuna v. Cnty. of Stanislaus, 392 F.Supp.3d 1162, 1175 (E.D. Cal. 2019) ("[A] complaint alleging a Monell claim must 'pair general averments of a policy or custom with particular examples'") (citation omitted).  In Estate of Osuna, the court found the allegations were sufficient because the complaint included examples of prior incidents involving similar allegations and occurring in the same time period as the named defendant county sheriff.  Id. at 1173.  Unlike Estate of Osuna, the plaintiffs' allegations here amount to nothing more than a statement of various harms that decedent suffered.  First Am. Compl., ¶ 111.  A Monell claim predicated on a theory of a custom, policy, or practice requires that "Plaintiff must do more than allege in a conclusory fashion that the County maintains an unwritten policy or custom of permitting the types of wrongs Plaintiff experienced." Segura v. City of La Mesa, 647 F.Supp.3d 926, 936 (S.D. Cal. 2022).  Because the plaintiffs fail to carry this burden, the fifth claim for relief is subject to dismissal.

REPLY IN SUPPORT OF MOTION TO DISMISS

**B. The sixth claim fails because the plaintiffs fail to identify defects in the City's training program amounting to deliberate indifference.**

"A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." Connick v. Thompson, 563 U.S. 51, 61 (2011). The plaintiffs rely on conclusory allegations to suggest that they have stated sufficient factual allegations to plead the requisite elements. These allegations are insufficient.

First, the plaintiffs cannot overcome the fact that they are impermissibly basing their failure to train theory on the single incident underlying this lawsuit. Monell liability turns on systemic failures, rather than individual officers' failures. See Hyde v. City of Willcox, 23 F.4th 863, 874-75 (9th Cir. 2022) ("[w]hile deliberate indifference can be inferred from a single incident when the unconstitutional consequences of failing to train are patently obvious, an inadequate training policy itself cannot be inferred from a single incident.") (quotation marks and citation omitted). The plaintiffs' argument that the specific example is somehow emblematic of broader departmental failures has already been rejected by the Ninth Circuit. See Benavidez v. Cnty. of San Diego, 993 F.3d 1134, 1154 (9th Cir. 2021) ("'That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program'") (citation omitted). And the reason why is clear – the plaintiffs must allege a faulty training *program*, not simply that a single officer was allegedly poorly trained. Monell liability cannot be based on individual negligent conduct, or else Monell becomes a "de facto respondeat superior" standard. Connick, 563 U.S. at 62 (citation omitted).

Second, the plaintiffs do not plead sufficient allegations to show deliberate indifference. Deliberate indifference is a "stringent standard of fault" that

REPLY IN SUPPORT OF MOTION TO DISMISS

"requires proof that 'policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights.'" <u>Mitchell v. County of Contra Costa</u>, 600 F.Supp.3d 1018, 1031 (N.D. Cal. 2022) (citation omitted).  The plaintiffs fail to allege that City policymakers had actual or constructive notice of a training deficiency.  The plaintiffs' sole allegation concerning the policymakers actual or constructive notice is a conclusory and vague allegation that Chief Armendariz had "knowledge of a pattern of similar constitutional violations by officers."  First Am. Compl., ¶ 122.  Not only does this allegation fail to provide sufficient *factual* allegations, it does not even identify any alleged deficiencies in a training program, as required to assert a failure to train <u>Monell</u> claim.

Therefore, this Court should dismiss the sixth claim for relief for failure to state a claim for relief.

**C.  <u>The seventh claim fails because plaintiffs' conclusory, speculative allegations are insufficient to state a claim for *Monell* ratification.</u>**

The plaintiffs' entire argument and the sufficiency of the seventh claim hangs on speculation: "an affirmative determination (made or to be made) by the City's final policymakers that Doe Shooter Officer's conduct was within policy." *See* Dkt. 30, 9-10; First Am. Compl., ¶ 131.  This is plainly insufficient to state a claim for relief under Rule 12(b)(6).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 557 (2007)).  If the plaintiffs' argument is nothing more than speculation regarding what the City may do in the future.  This is insufficient to state a claim for relief.  As such, the plaintiffs' seventh claim for relief should be dismissed for failure to state a claim for relief.

-4-

REPLY IN SUPPORT OF MOTION TO DISMISS

**D. <u>Chief Armendariz should be dismissed because Plaintiffs do not assert any claims against him.</u>**

As discussed in the moving papers, Chief Armendariz is sued in his "individual and official capacities".  However, no claims are brought against him.  Dkt. 25, 8.  Plaintiffs attempt to argue that they have stated a claim for supervisory liability against Chief Armendariz based on the <u>Monell</u> ratification theory.  This argument fails for two reasons.  First, as discussed above, the <u>Monell</u> ratification theory is insufficient because the plaintiffs' entire theory is impermissibly predicated on speculation.  Second, and more importantly, the plaintiffs' reliance on <u>Larez v. City of Los Angeles</u>, 946 F.2d 630 (9th Cir. 1991) defeats, rather than supports, their claim.  None of the facts that the <u>Larez</u> decision relied on are alleged in the present case.  Namely, the complaints about officers' conduct, the conducting of a sham investigation, or the public defense of the officers.  The plaintiffs cannot try to assert a claim against Chief Armanderiz when the allegations are clearly insufficient to support any claim.  Chief Armanderiz should be dismissed from the lawsuit.

**E. <u>The ninth claim for false arrest and imprisonment fails to state a claim upon which relief can be granted because decedent was not subject to a Fourth Amendment seizure before force was used.</u>**

The plaintiffs' argument conflates and confuses the relevant inquiry to plead a false arrest/false imprisonment claim.  "Under California law, the elements of a claim for false imprisonment are: '(1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief.'" <u>Young v. Cnty. of Los Angeles</u>, 655 F.3d 1156, 1169 (9th Cir. 2011).  Thus, the question turns on whether, before force was used, the officers confined decedent without lawful privilege for an appreciable period of time.  The plaintiffs' focus on the force used underscores the fact that the focus of this claim is on the reasonableness of the force.  That question is squarely addressed by the

-5-

REPLY IN SUPPORT OF MOTION TO DISMISS

second claim for excessive force and eleventh claim for battery. Moreover, until the time force was used, the defendant was not seized; at most, there was an "attempted seizure", which falls outside the scope of the Fourth Amendment.

As discussed in the moving papers, the plaintiffs allege that prior to the time force was used against the decedent, officers were patrolling the neighborhood, exited their vehicle, and ran towards the front door of the decedent's home as decedent was attempting to enter his home. Dkt. 25, 19; First Am. Compl., ¶¶ 32-34. Because this amounts to, at most, an "attempted seizure," which is not a Fourth Amendment seizure as a matter of law, Plaintiffs ninth claim for relief must fail. Cnty. of Sacramento v. Lewis, 523 U.S. 833, 845 n. 7 (1998).

Therefore, this Court should dismiss the ninth claim for relief because Plaintiffs fail to state a claim for relief.

**III.    CONCLUSION**

For the foregoing reasons, the defendants respectfully request that the Court grant the defendants' motion to dismiss in its entirety.

DATED:  June 23, 2026                CARPENTER, ROTHANS & DUMONT


                                    By:  /s/ Jill Williams
                                         Jill Williams
                                         Attorneys for Defendants

REPLY IN SUPPORT OF MOTION TO DISMISS

## <u>L.R. 11-6.2 CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for the defendants, certifies that this brief contains 1,748 words, which complies with the word limit of L.R. 11-6.1.

DATED:  June 23, 2026                    CARPENTER, ROTHANS & DUMONT


By:  /s/ Jill Williams
                    Jill Williams
                    Attorneys for Defendants

-7-
REPLY IN SUPPORT OF MOTION TO DISMISS